IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. **TIMOTHY R. MULRENIN,**
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. **GARY BRIAN ROBERTS,**
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS ROBERTS' AND MULRENIN'S MOTION FOR MISTRIAL OR, IN THE ALTERNATIVE, FOR CURATIVE INSTRUCTIONS

---

The government respectfully files this response in opposition to defendants Roberts' and Mulrenin's motion for a mistrial. ECF No. 812. The government has not elicited inappropriate, misleading, of false evidence with respect to any witness. Moreover, the government is in the midst of its case in chief, meaning the issues of constructive amendment and prejudicial variance are not ripe. But even if the government were to rest its case on the record as it stands, there has not been a

constructive amendment or a prejudicial variance. The defendants' motion should therefore be denied.

*Mistrial*. "A mistrial may only be granted where a defendant's right to a fair and impartial trial has been impaired." *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004). Determining whether this right has been impaired involves "an examination of the prejudicial impact of an error . . . viewed in the context of an entire case." *United States v. Hargrove*, 911 F.3d 1306, 1315 (10th Cir. 2019) (internal citations and quotation marks omitted). In the more specific context of a prosecutor questioning a witness, courts in the Tenth Circuit weigh three factors: "(1) whether the prosecutor acted in bad faith, (2) whether the district court limited the effect of the improper statement through its instructions to the jury, and (3) whether the improper remark was inconsequential in light of the other evidence of the defendant's guilt." *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004).

The mistrial inquiry ends in this case with the first *Meridyth* factor because the government's questioning of witnesses was entirely proper. As an initial matter, the defendants' argument relies on a false premise, as revealed by their request for a curative instruction that would tell the jury "Mr. Mulrenin and Mr. Roberts are not charged with a crime related to [the Golden Corral 2015 negotiations" and "[y]ou cannot consider the Golden Corral 2015 negotiations in determining whether to find Mr. Mulrenin or Mr. Roberts guilding of the crime charged." ECF No. 812 at 12.

The defendants fail to recognize a basic tenet of conspiracy law: each participant in a conspiracy is liable for the acts of his co-conspirators until the conspiracy ends or

he withdraws. *See, e.g.*, *United States v. Cherry*, 217 F.3d 811, 817 (10th Cir. 2000) ("A conspirator . . . is only liable for the acts of coconspirators 'until the conspiracy accomplished its goals or that conspirator withdraws.'") (quoting *United States v. Brewer*, 983 F.2d 181, 185 (10th Cir. 1993)); *United States v. Brown*, 943 F.2d 1246, 1255 (10th Cir. 1991) ("previous statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy). As the Supreme Court held in *Smith v. United States*, "[h]aving joined forces to achieve collectively more evil than he could accomplish alone, [the defendant] tied his fate to that of the group . . . . We punish him for the havoc wreaked by the unlawful scheme, whether or not he remained actively involved." 568 U.S. 106, 114 (2013).

      As a result, if defendants Roberts and Mulrenin knowingly joined the charged conspiracy—and they did—the jury may consider evidence of a conspiratorial episode against them even if they were not involved in that particular episode. *Smith*, 568 U.S. at 114; *Cherry*, 217 F.3d at 817; *Brown*, 943 F.2d at 1255. There is no impropriety in the government's offering of the evidence relating to the Golden Corral 2015 negotiations— or any other conspiratorial episodes—against either defendant.

      Additionally, and more to the point, the defendants' argument that the government sought to implicate defendants Roberts and Mulrenin falsely is unfounded. Tyson Foods is an unindicted co-conspirator in this case and the government produced ample discovery support Tyson's involvement in the conspiracy. As such, the government is permitted to elicit testimony that implicates the company. At no time did the government suggest through its questioning of Mr. Smith that Tyson's possible

3

involvement in the Golden Corral 2015 negotiations was facilitated by defendants Roberts or Mulrenin. Indeed, counsel for defendant Mulrenin raised at side bar this very issue and the Court overruled the objection on the grounds that the Court had not seen any suggestion by the government suggesting an improper purpose or improper conclusion by the jury.

The same is true of the government's questioning of every other witness in this case. Even if the government had made such a suggestion, the defendants were afforded an opportunity to cross examine the witnesses on that point. And, indeed, counsel for Mr. Mulrenin did just that when Mr. Smith took the stand by pointing out that neither defendant had any interaction with Mr. Smith during the negotiations.

*Constructive Amendment and Prejudicial Variance*. The defendants' argument that there has been a constructive amendment or a prejudicial variance is premature and incorrect. Constructive amendment requires the Court to consider "whether the crime for which the defendant was convicted at trial was charged in the indictment." *United States v. Farr*, 536 F.3d 1174, 1179-80 (10th Cir. 2008); *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 1988). That necessarily requires the Court to consider the evidence in the trial record as a whole; evaluating the evidence when the trial record is incomplete jumps the gun. *United States v. Thomas*, 545 F. Supp. 2d 1018, 1023-24 (N.D. Cal. 2008) ("The Court also denies without prejudice defendant's motion to dismiss or strike this charge based on constructive amendment because the motion is premature. If, after evidence has been presented to the jury at trial, defendant

continues to believe that Count IV has been constructively amended, defendant may move for a limiting instruction at that time.").

The same is true of prejudicial variance. *United States v. Rios*, No. 96-cv-0540, 1997 WL 356329, at *2 (E.D. Pa. June 20, 1997) ("This Court finds that a trial court's finding of variance and the prejudice of substantial rights of a defendant stemming from that variance, necessarily involves the evaluation of the evidence presented by the government. Consequently, the government must put forth the evidence before the Court can conduct its evaluation. Therefore, this Court finds that a motion requesting dismissal of Count One of the indictment against Defendant Rios due to prejudicial variance is premature."). As such, the Court should not consider those issues at this time.

Even if the Court is inclined to consider constructive amendment before the trial record is complete, constructive amendment occurs only when the evidence "broaden[s] the possible bases for conviction beyond those found in the operative charging document." *Farr*, 536 F.3d at 1179-80. In comparing the trial record and the grand jury record, the touchstone of the Court's analysis is the identification of *different* evidence, not merely *additional* evidence of the same kind. *See id.* at 1180-81.

The government's presentation of evidence has related to chicken suppliers' sale of broiler chicken products, squarely within the four corners of the Superseding Indictment, meaning no constructive amendment has occurred. Moreover, defendants Roberts' and Mulrenin's argument that the government can only prove episodes at trial as outlined in the indictment are incorrect as a matter of law. The government is not

5

limited to presenting evidence at trial that it presented to the grand jury. *See United States v. Mobile Materials*, 871 F.2d 902, 910 (10th Cir. 1989) (abrogated on other grounds) (finding no Fifth Amendment violation when the appellants were not "convicted only upon facts by the grand jury."). The Court reiterated the same point in its order denying the defendants' motions for a bill of particulars, ECF No. 257 at 3-4, and on November 15 in denying the motion to exclude the testimony of Joseph Brink from Pollo Tropical.

As to the defendants' prejudicial variance claim, that too should be rejected. Prejudicial variance requires proof that the difference between the evidence at trial and the allegations in the indictment affects "the substantial rights of the accused." *Kotteakos v. United States*, 328 U.S. 750, 756-57 (1946). "A variance is not fatal unless the defendant could not have anticipated from the indictment what evidence would be presented at trial[.]" *United States v. Ailsworth*, 138 F.3d 843, 849 (10th Cir. 1998) (internal citation and quotation marks omitted).

The government has presented evidence that could have been, and was, anticipated from the Superseding Indictment. Again, as the Court explained from the bench in denying the motion to exclude the testimony of Mr. Brink, the Superseding Indictment provides ample notice of the Pollo Tropical evidence is intrinsic to the conspiracy, even though that episode is not explicitly mentioned in the charging instrument. The same is true of the other evidence adduced at trial.

The logic of Defendants Roberts' and Mulrenin's variance argument, relying heavily on dicta in *Kotteakos v. United States*, rests on faulty premises. First, the mere

mention of a company participating in a bid—which is relevant foundation—is not confusing; it simply shows that that company participated in a relevant bid. The landscape of who and what companies were competing is relevant to a Sherman Act conspiracy. Next, mentioning that Tyson—an unindicted co-conspirator—participated in a bid, without more, does not imply that defendants Roberts and Mulrenin themselves were involved in the underlying criminal conduct of that bid. Finally, the government does not need to point out to the jury that a given defendant did not participate in a particular episode. Therefore, even if defendants Roberts and Mulrenin may not have participated in one, two, or more episodes that comprise the means and methods of the conspiracy does not amount to a prejudicial variance.

*Ethical Violations and Hearing*. Defendants Roberts' and Mulrenin's claim that the government committed ethical violations warranting a hearing is unfounded. It is entirely proper for the government to elicit testimony relating to defendants Roberts' and Mulrenin's participation in the conspiracy from the time period before the date this Court found, preliminarily, in its *James* order that defendants Roberts and Mulrenin joined the conspiracy. The purpose of a *James* hearing is to make preliminary determinations as to the admissibility of certain co-conspirator statements under Rule 801(d)(2)(E), not to limit the government's admission of otherwise relevant and admissible evidence at trial. *See United States v. Otuonye*, 995 F.3d 1191, 1204, FN. 14 (10th Cir. 2021).

## CONCLUSION

For the reasons discussed above, the Court should deny defendants Roberts' and Mulrenin's motion in its entirety.

Dated: November 16, 2021

Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States